IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DAVID ALLEN RUSSELL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-430-JDK-JDL |
| RILEY KING, et al., | § § § | |
| Defendants. | § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff David Allen Russell, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the Court are Defendant Riley King's motion to dismiss (Docket No. 9) and Defendant Teresa Gikuhi's motion to dismiss (Docket No. 13). On June 23, 2021, Judge Love issued a Report and Recommendation recommending that the Court grant in part and deny in part Defendants' motions. Docket No. 29. Specifically, the Report recommended that Plaintiff's official capacity claims against all Defendants be dismissed with prejudice for lack of subject matter jurisdiction and mootness. The Report further recommended that Plaintiff's individual capacity claims against the Unknown Party be dismissed with prejudice. Finally, the Report recommended that Plaintiff's individual capacity claims against King and Gikuhi for the alleged failure

1

to protect him from an assault should proceed. Plaintiff timely filed objections. Docket No. 31.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff's objections attempt to respond to the Report, but most of his arguments are properly construed as objections to the Court's earlier Order denying his motion to compel discovery (Docket No. 28). In that order, the Court rejected Plaintiff's request for discovery concerning another prisoner. In his objections, Plaintiff again requests information on the prisoner who assaulted him—including the inmate's prison records, current location, and security status. Docket No. 31 at 4.

In this case, Plaintiff has sued TDCJ employees alleging deliberate indifference. Thus, the issues here do not concern Plaintiff's assailant; rather, this case concerns Defendants King and Gikuhi's alleged failure to protect Plaintiff from said assailant. Accordingly, Plaintiff's objections concerning discovery and requests for information on his assailant are without merit.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the

Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 29) as the opinion of the District Court.

The Court hereby **GRANTS** Defendants' motions to dismiss (Docket Nos. 9, 13) as to all official capacity claims against all Defendants, and those claims are **DISMISSED** with prejudice.

The Court further **GRANTS** Defendants' motions to dismiss with respect to the Unknown Party, and all claims against the Unknown Party are **DISMISSED** with prejudice.

The Court **DENIES** Defendants' motions to dismiss with respect to Plaintiff's individual capacity claims against Defendants King and Gikuhi. Plaintiff's claim that Defendants King and Gikuhi failed to protect him from an assault while housed at the Powledge Unit will proceed before the Court.

Finally, the Court **ORDERS** Defendants King and Gikuhi to answer Plaintiff's complaint within fourteen days after entry of this Order. Fed. R. Civ. P. 12(a)(4)(A). The deadlines set out in the Court's scheduling order (Docket No. 5) shall go into effect upon the filing of the answer.

So **ORDERED** and **SIGNED** this **27th** day of **July, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE